IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE GALENO, CLAUDIA POIEZ, ESTHER ALVAREZ, MARTHA MACIAS, ESMERALDA BUCIO, MARICELA RAMIREZ, JUANA NIEVES, LUZ MARIA RAMIREZ, and RUBEN MACIAS, on behalf of themselves and on behalf of all other persons similarly situated known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>TAQUERIA EL MESON, INC., and JOSE TORRES, individually,<br><br>Defendants. | **07 C 6619**<br><br>**JUDGE KENNELLY**<br>**MAGISTRATE JUDGE SCHENKIER**<br><br>Case No.<br><br>Judge |

## COMPLAINT

Plaintiffs Maria Guadalupe Galeno, Claudia Poiez, Esther Alvarez, Martha Macias, Esmeralda Bucio, Maricela Ramirez, Juana Nieves, Luz Maria Ramirez, and Ruben Macias (collectively "Plaintiffs"), on behalf of themselves and all other persons similarly situated known and unknown, through their attorneys, for their Complaint against Taqueria El Meson, Inc., and Jose Torres, individually, (herein "Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime and minimum wages to Plaintiffs and other similarly situated persons. Plaintiffs and other similarly situated hourly paid employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a

1

half times their regular rate of pay for all time worked in excess of forty (40) hours per week. In addition, Defendants paid Plaintiffs less than the applicable federal and state minimum wage rates. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other persons their earned and living wages. Copies of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group Exhibit A.

**THE PARTIES**

2. Plaintiffs are former employees of Defendants who were employed by Defendants in this judicial district.

3. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce, including perishable foods items.

4. Defendant Taqueria El Meson, Inc., is an Illinois corporation doing business within this judicial district. Defendant Taqueria El Meson, Inc., is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

5. Defendant Taqueria El Meson's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2004, 2005, 2006, and 2007.

6. Defendant Jose Torres is an owner and principal shareholder of Taqueria El Meson, Inc. and is involved in the day to day business operation of Defendant Taqueria El Meson, Inc. Among other things, Defendant Jose Torres has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to

participate in decisions regarding employee compensation and capital expenditures.

**JURISDICTION AND VENUE**

7.    This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

8.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time they worked for Defendants.

9.    Plaintiffs worked for Defendants and were "employee(s)" of Defendants as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

10.   Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

11.   During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

12.   Plaintiffs was directed by Defendants to work, and did work, in excess of forty (40) hours per week.

13.   Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half

times their regular rate of pay.

14. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for time they worked in excess of forty (40) hours in individual workweeks. Instead, Plaintiffs were paid a day rate for all time worked in individual work weeks.

15. Defendants' failure to pay Plaintiffs overtime wages for time they worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

17. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work they performed in excess of forty (40) hours per week.

18. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt employees overtime wages for time they worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

19. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

20. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

21. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as that term is defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

22. Throughout the course of their employment, Plaintiffs were not exempt from the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

23. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

24. Defendants did not pay Plaintiffs one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

25. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

26. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiffs' regular rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for Defendants' failure and refusal to pay minimum wages to Plaintiffs and similarly situated employees for all time they worked for Defendants.

28. During the course of their employment by Defendants, Plaintiffs and similarly situated employees worked for Defendants but were not paid the then federally-mandated minimum wage rate for all time worked during individual work weeks.

29. Pursuant to 29 U.S.C. §206, Plaintiffs and similarly situated employees were entitled to be compensated at least the then applicable federally-mandated minimum wage rate for all time worked for Defendants in individual work weeks.

30. Defendants' failure and refusal to pay minimum wages to Plaintiffs and similarly situated employees for all time worked was in violation of the FLSA, 29 U.S.C. § 207.

31. Defendants' willfully violated the FLSA by failing and refusing to pay Plaintiffs and similarly situated employees minimum wages for all time they worked for Defendants.

32. Plaintiffs and similarly situated employees are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because Defendants' failure and refusal to pay minimum wages for all time worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of unpaid minimum wages for all time worked;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due and owing;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law- Minimum Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

33. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

34. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1 *et seq.* Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

35. During their employment by Defendants, Plaintiffs worked for Defendants but were paid less than the then state mandated minimum wage for all time they worked.

36. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages at a rate not less than the then applicable minimum wage rate.

37. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs minimum wages for all time they worked.

38. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid minimum wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all time worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: November 26, 2007

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Maria Galano_ (Print your name)

Signature: _Maria G. Galano_

Date on which I signed this Notice: _10-30-07_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __Claudia Páez__ (Print your name)

Signature: __Claudia Páez__

Date on which I signed this Notice: __10/30/07__
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Esther Alvarez M._   (Print your name)

Signature: _Esther Alvarez M._

Date on which I signed this Notice: _10/30/07_
(Today's date)

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __Martha Macias__ (Print your name)

Signature: __Martha Macias__

Date on which I signed this Notice: __10-30-07__
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: ESMERALDA  BUCIO                    (Print your name)


Signature: *[signature]*


Date on which I signed this Notice: 10-30-07.
                                    (Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Maricela Ramirez_  (Print your name)

Signature: _Maricela Ramirez_

Date on which I signed this Notice: _10/30/07_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Juana Nieves_ (Print your name)

Signature: _Juana Nieves_

Date on which I signed this Notice: _10-30-07_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Luz Maria Ramirez_   (Print your name)

Signature: _Luz Maria Ramirez_

Date on which I signed this Notice: _10/30/07_
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by El Meson Restaurant, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Ruben macias   (print your name)

Signature: Ruben macias

Date on which I signed this Notice: 11 7 07
(today's date)