IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE GALENO CLAUDIA POIEZ, ESTHER ALVAREZ, MARTHA MACIAS, ESMERALDA BUCIO, MARICELA RAMIREZ, JUANA NIEVES, LUZ MARIA RAMIREZ, and RUBEN MACIAS, on behalf of themselves and on behalf of all other persons similarly situated known and unknown, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6619 |
| v. | ) ) | Judge Kennelly |
| TAQUERIA EL MESON, INC., and JOSE TORRES, individually, | ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

NOW COMES the Defendants, TAQUERIA EL MESON, INC., and JOSE TORRES, individually, by and through their attorneys, TRISTAN & GONZALEZ, LLC, and for their Answer to the Plaintiff's Complaint state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), for Defendants' failure to pay overtime and minimum wages to Plaintiffs and other similarly situated persons. Plaintiffs and other similarly situated hourly paid employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. In addition Defendants paid Plaintiffs less than the applicable federal ands ate minimum wage rates. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other person their earned and living wages. Copies of Plaintiff's consent forms to act as representative Plaintiffs in this collection action under the FLSA are attached hereto as Group Exhibit A.

**ANSWER:**

The Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for failure to pay overtime wages to Plaintiff and similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks, but denies it violated said statutes or any other laws.

**THE PARTIES**

2. Plaintiffs are former employees of Defendants who were employed by Defendants in this judicial district.

**ANSWER:**

The Defendant can neither admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce, including perishable foods items.

**ANSWER:**

The Defendants admits the allegations Plaintiff handled goods that moved in interstate commerce and deny all remaining allegations.

4. Defendant Taqueria El Meson, Inc., is an Illinois corporation doing business within this judicial district. Defendant Taqueria El Meson, Inc., is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203 (s)(1)(A).

**ANSWER:**

The Defendants deny all allegations as an Answer calls for a legal conclusion.

5. Defendant Taqueria El Meson's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes, in the years 2004, 2005, 2006 and 2007.

**ANSWER:**

The Defendants deny its annual gross volume exceeded $500,000 in the alleged taxable years.

2

6.     Defendant Jose Torres is an owner and principal shareholder of Taqueria El Meson, Inc. and is involved in the day to day business operation of Defendant Taqueria El Meson, Inc. Among other things, Defendant Jose Torres has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**

The Defendants denies all allegations contained in Paragraph No. 6 of Plaintiff's Complaint and demands strict proof thereof.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over Plaintiffs FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

The Defendants admit only that this court has original jurisdiction over Plaintiff's FLSA claims and supplemental jurisdiction over Plaintiff's state law claims.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 7 of this Complaint, as if full set forth herein.

**ANSWER:**

The Defendants hereby reincorporate their answers to Paragraphs 1 through 7 of this Complaint as answers to Paragraphs 1 through 7 of Count I.

8.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time they worked for Defendants.

**ANSWER:**

    Defendant admits that Plaintiffs purport to bring this action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, but denies it violated said statutes or any other laws

9. Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(3)(1).

**ANSWER:**

    The Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint as an Answer calls for a legal conclusion.

10. Defendants were Plaintiffs' "employer(s) within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

    The Defendant admits it is an employer and denies all remaining allegations as an Answer calls for a legal conclusion.

11. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

    The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 11 of Plaintiff's Complaint as they are unaware of the facts that the Plaintiff relies on to conclude that Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 during the course of her employment by Defendants and such Answer calls for a legal conclusion.

12. Plaintiffs were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

**ANSWER:**

    The Defendants deny all allegations contained in Paragraph No. 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Pursuant to 259 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**ANSWER:**

    The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 13 of Plaintiff's Complaint as they are unaware of the facts that the Plaintiff relies on to conclude that for all weeks during which Plaintiff worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times her regular rate of pay and deny all remaining allegations as an Answer calls for a legal conclusion.

14.     Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours in individual workweeks. Instead, Plaintiffs were paid a day rate for all time worked in individual work weeks.

**ANSWER:**

    The Defendants deny that they did not properly compensate Plaintiff for work performed and deny all remaining allegations.

15.     Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

    The Defendants deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint as they call for a legal conclusion.

16.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

    The Defendants deny that they failed and refused to pay any overtime wages for time worked in excess of forty (40) hours per week and thus deny the remaining allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work in excess of forty (40) hours.

**ANSWER:**

    The Defendants have insufficient knowledge and information to admit or deny the initial allegations contained in Paragraph No. 17 as they are unaware of the facts

Plaintiff relies on to conclude that other similarly situated employees have likewise performed non-exempt work for Defendants. The Defendants otherwise deny that they failed or refused to pay any required overtime wages.

18. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt employees' overtime wages for time worked in excess of forty (40) hours per week.

**ANSWER:**

The defendants deny that they refused to pay Plaintiff and other non-exempt employees required overtime wages for time worked in excess of forty (40) hours per week and therefore denies all remaining allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

WHEREFORE, the Defendants, TAQUERIA EL MESON, INC., and JOSE TORRES, individually, pray that this Court enter judgment in their favor and against the Plaintiffs, MARIA GUADALUPE GALENO, *et al*, for costs, and any other relief this Court deems just.

## COUNT II
### Violation of the Illinois Minimum Wage Law-Overtime Wages
### (Plaintiff individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint, as if full set forth herein.

**ANSWER:**

The Defendants hereby reincorporate their answers to Paragraphs 1 through 18 of this Complaint as answers to Paragraphs 1 through 18 of Count II.

19. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

The Defendants admit the allegation contained in Paragraph No. 19 of Plaintiff's Complaint.

20. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4(a).

**ANSWER:**

    The Defendants admit that Plaintiff purports to bring this action pursuant to the IMWL, 820 ILCS 105/4(a), but denies it violated said statutes or any other laws.

21.     At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

**ANSWER:**

    The Defendant admits it is an employer and denies all remaining allegations as an Answer calls for a legal conclusion.

22.     Throughout the course of their employment, Plaintiffs were not exempt from the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a).

**ANSWER:**

    The Defendants deny the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**

    The Defendants deny Plaintiff worked in excess of 40 hours during any week and demands strict proof thereof.

24.     Defendants did not pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**

    The Defendants deny that they refused to compensate Plaintiff at one and one-half times her regular rate of pay for time worked in excess of forty (40) hours per week and which required such compensation and therefore deny the remaining allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**ANSWER:**

    The Defendants deny that they refused to properly compensate Plaintiff at one and one-half times her regular rate of pay for time worked in excess of forty (40) hours per week and which required such compensation and therefore deny the remaining allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26.   Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**

    The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 26 of Plaintiff's Complaint as they are unaware of the facts that the Plaintiff relies on to conclude that pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

    WHEREFORE, the Defendants, TAQUERIA EL MESON, INC., and JOSE TORRES, individually, pray that this Court enter judgment in their favor and against the Plaintiffs, MARIA GUADALUPE GALENO, *et al*, for costs, and any other relief this Court deems just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

    Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

**ANSWER:**

    The Defendants hereby reincorporate their answers to Paragraphs 1 through 26 of this Complaint as answers to Paragraphs 1 through 26 of Count III.

27.   This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et. seq.*, for Defendants' failure and refusal to pay minimum wages to Plaintiffs and similarly situated employees for all time they worked for Defendants.

**ANSWER:**

    The Defendants admit that Plaintiff purports to bring this action pursuant to the FLSA, 29 U.S.C. §201, *et. seq.*, but denies it violated said statutes or any other laws.

28. During the course of their employment by Defendants, Plaintiffs and similarly situated employees worked for Defendants but were not paid the then federally-mandated minimum wage rate for all time worked during individual work weeks.

**ANSWER:**

    The Defendants deny that they did not compensate the Plaintiffs as required by the federally-mandated minimum wage rate and demand strict proof thereof.

29. Pursuant to 29 U.S.C. § 206 *et seq.*, Plaintiffs and similarly situated employees were entitled to be compensated at least the then applicable federally-mandated minimum wage rate for all time worked for Defendants in individual work weeks.

**ANSWER:**

    The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 29 of Plaintiff's Complaint as they are unaware of the facts that Plaintiff relies on to conclude that Defendants failed to compensate them at a wage rate less than the applicable minimum wage.

30. Defendants' failure and refusal to pay minimum wages to Plaintiffs and similarly situated employees for all time worked was in violation of FLSA, 29 U.S.C. § 207.

**ANSWER:**

    The Defendants deny that they failed and refused to properly compensate Plaintiff minimum wages for all time they worked and demand strict proof thereof.

31. Defendants' willfully violated FLSA by failing and refusing to pay Plaintiffs and similarly situated employees' minimum wage for all time they worked for Defendants.

**ANSWER:**

    The Defendants deny allegations contained in Paragraph No. 31 of Plaintiff's Complaint and demand strict proof thereof.

32.    Plaintiffs and similarly situated employees are entitled to recover unpaid minimum wages for three years prior to the filling of this suit because Defendants' failure and refusal to pay minimum wages for all time worked in individual work weeks was a willful violation of the FLSA.

**ANSWER:**

    The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 32 of Plaintiff's Complaint as they are unaware of the facts that the Plaintiff relies on to conclude that Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit and denies all other allegations.

    WHEREFORE, the Defendants, TAQUERIA EL MESON, INC., and JOSE TORRES, individually, pray that this Court enter judgment in their favor and against the Plaintiffs, MARIA GUADALUPE GALENO, *et al*, for costs, and any other relief this Court deems just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiffs individually only)

33.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

    The Defendants admit the allegation contained in Paragraph No. 33 of Plaintiff's Complaint.

34.    The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1 *et seq.* Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

**ANSWER:**

    The Defendants admit that Plaintiff purports to bring this action pursuant to the IMWL, 820 ILCS 105/1 et seq. and 820 ILCS 105/12(a), but denies it violated said statutes or any other laws.

35. During their employment by Defendants, Plaintiffs worked for Defendants but were paid less than the then state minimum wage for all time they worked.

**ANSWER:**

The Defendants deny that they did not compensate the Plaintiff as required by the state mandated minimum wage and demand strict proof thereof.

36. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages at a rate not less than the then applicable minimum wage rate.

**ANSWER:**

The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 36 of Plaintiff's Complaint as they are unaware of the facts that Plaintiff relies on to conclude that Defendants failed to compensate her at a wage rate less than the applicable minimum wage.

37. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs minimum wages for all time they worked.

**ANSWER:**

The Defendants deny that they refused to properly compensate Plaintiff minimum wages for all time she worked and demand strict proof thereof.

38. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid minimum wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**

The Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint as they are unaware of the facts that the Plaintiff relies on to conclude that pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, the Defendants, TAQUERIA EL MESON, INC., and JOSE TORRES, individually, pray that this Court enter judgment in their favor and against the Plaintiffs, MARIA GUADALUPE GALENO, *et al*, for costs, and any other relief this Court deems just.

Respectfully submitted,

TAQUERIA EL MESON, INC.,
AND JOSE TORRES

_s/ Homero Tristan_
One of Their Attorneys

Homero Tristan
Tristan & Gonzalez, LLC
11 E. Adams, Suite 1100
Chicago, IL 60603
312-345-9200