IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE GALENO CLAUDIA POIEZ, ESTHER ALVAREZ, MARTHA MACIAS, ESMERALDA BUCIO, MARICELA RAMIREZ, JUANA NIEVES, LUZ MARIA RAMIREZ, and RUBEN MACIAS, on behalf of themselves and on behalf of all other persons similarly situated known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> TAQUERIA EL MESON, INC., and JOSE TORRES, individually, <br><br> Defendants. | Case No. 07 C 6619 <br><br> Judge Kennelly <br><br> Magistrate Judge Schenkier |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY CUT-OFF DATE

1. The parties appeared in Court on the Defendants' Motion to Extend Discovery Cut-off Date on August 28, 2008.

2. Counsel for the Plaintiff objected to the Plaintiff's objected to the discovery cut-off being extended arguing that they were done with their discovery and that the Court should not allow any more discovery to be completed.

3. In support of the Defendant's position to extend the discovery cut-off date, Counsel for the Defendants indicated that the Plaintiffs' had not disclosed the hours that they claimed to be owed for underpayment of wages or for overtime.

4. The Court, taking into account that the Plaintiffs' had not supplemented their Rule 26(a) disclosures to disclose the calculations of damages they were seeking (See original Rule 26(a) disclosures attached hereto as Exhibit "A." ordered the Plaintiffs to supplement the Rule 26(a) disclosures.



5. Although the original disclosures contained no information whatsoever concerning the damages being claimed by the Plaintiffs' (See Exhibit "A") the supplemental responses reflect an amount of $340,174.75 in total damages being claimed by all of the Plaintiffs. See Supplemental Rule 26(a) disclosures attached hereto as Exhibit "B."

6. It would be an injustice to the Defendants to allow the Rule 26(a) disclosures to go unchallenged. After the Plaintiffs claim that they worked during the following time periods for the amount of hours claimed each and every week for the entire time period they were employed;

| Name | Period | Hours |
|---|---|---|
| Esther Alvarez | 3/6/05-6/24/07 | 46.50 each week |
| Esmeralda Bucio | 7/3/05-6/24/07 | 47.00 each week |
| Maria Guadalupe Galeno | 11/28/04-7/1/07 | 50.00 each week |
| Martha Macias | 11/24/08-7/8/07 | 46.00 each week |
| Ruben Macias | 11/28/04-7/8/07 | 60.00 each week |
| Claudia Poiez | 5/7/06-6/10/07 | 47.00 each week |
| Juana Nieves | 12/2/01-6/2/02 | 50.00 each week |
| Luz Maria Ramirez | 11/28/04-6/10/07 | 47.00 each week |
| Maricela Ramirez | 7/3/05-5/27/07 | 47.00 each week |

See Exhibit "B."

7. Thus, as an example, the Plaintiff Ruben Macias claims that he worked 60 hours each and every week from the period of 11/28/04 to 7/8/07 (over 2 1/2/ years).

8. Certainly, the fact that all of the Plaintiff's claim that they worked overtime each and every week for periods up to over two years straight causes one to believe that the hours are being overstated.

9. It is appropriate for the Plaintiffs to have to respond to the written discovery issued to them on August 19, 2008 so that they must verify their answers. See sample of actual Rule 33 interrogatories and Rule 34 Requests to Produce attached hereto as Exhibit "C" and Exhibit "D" respectively.

10. Furthermore, with a damages claim of $340,174.75 it would be unjust for the Defendants not to be allowed to depose the Plaintiff's to question them in relation to the hours claimed to have been worked.

11.  Although the Plaintiffs would not be unduly prejudiced if the Court granted an extension of the discovery cut-off date, the Defendants would be extremely prejudiced if they were not allowed to have the Plaintiff's respond to the written discovery issued to them and to be deposed so as to question them regarding the damages that they are claiming.

Wherefore, the Defendants, Taqueria El Meson, Inc. and Jose Torres, pray that this Court enter an Order allowing written discovery to be continued for 28 days or a time reasonable to allow the Plaintiffs to respond to the written discovery issued by the Defendants on August 19, 2008 and continued for an additional 21 days to complete oral discovery or for a time that the court believes is reasonable to complete depositions of the Plaintiffs.

Respectfully Submitted,

Taqueria El Meson, Inc. and Jose Torres

_____s/Pedro Cervantes_____
By: One of Their Attorneys

**CERTIFICATE OF SERVICE**

I, Pedro Cervantes, an attorney, hereby certify that I caused a copy of the aforementioned Motion referred to herein to be served upon the attorneys of record at the addresses of record by mailing same, postage prepaid, via the United States Mail at 11 E. Adams, Chicago, IL, 60603 before 5:00 pm on September ____, 2008.

_____/s/ Pedro Cervantes_____