IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE GALENO, CLAUDIA POIEZ, ESTER ALVAREZ, MARTHA MACIAS, ESMERALDA BUCIO, MARICELA RAMIREZ, JUANA NIEVES, LUZ MARIA RAMIREZ, and RUBEN MACIAS, on behalf of themselves And on behalf of all other persons similarly Situated and known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>TAQUERIA EL MESON, INC., and JOSE TORRES, individually<br><br>    Defendants. | Case No. 07 C 6619<br>Judge Kennelly |

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF
MARICELA RAMIREZ**

Now comes Defendant Taqueria El Meson, Inc. (hereinafter "El Meson") and Defendant Jose Torres, individually, (collectively "Defendants"), by and through their attorneys, TGC Partners, pursuant to Fed. R. Civ. P. 33, request that Plaintiff, Maricela Ramirez, respond to the following interrogatories within thirty (30) days. These interrogatories are continuing until the date of trial. Plaintiff is requested to serve supplemental answers if s/he becomes aware of additional information related to these interrogatories.

**I. Instructions and Definitions**

1. As used in these interrogatories:

(a) "Document" shall have the broadest meaning allowed by the Federal Rules of



Civil Procedure, and shall include, but shall not be limited to, all handwritten, typed, printed, or otherwise visually or orally reproduced materials, whether copies of originals (including all non-identical copies which are different from the original because of notation on such copies or otherwise), such as letters, cables, wires, memoranda, interoffice communications (including electronic mail), reports, notes, minutes, recordings, drawings, blueprints, sketches, charts, photographs, moving or still pictures, notebooks, data, press releases, business records, financial documents, books of account tapes, computer disks, computer files, computer printouts, recording and all other writings, records or other items of whatever kind or description in which information or communications may be embodied.

(b) "Communication" means all methods and manner of information transfer, including oral, written and visual, through any medium whatsoever, and shall include, but shall not be limited to, correspondence, meetings, telephone conversations, telexes, facsimiles, and electronic mail.

(c) The terms "relate," "related to" and "relating to" each mean anything which refers to, reflects, embodies, constitutes, or is in any way legally, logically, factually or otherwise connected to, in whole or in part, the subject of the discovery request.

(d) "Including" or "includes" means "including" but not limited to."

(e) "Person" means natural persons or persons, corporations, partnerships, sole proprietorships, associations, joint ventures and any other incorporated or unincorporated business, governmental, public or social entity.

(f) "Date" means the exact year, month and day, if known, or, if not known, the best approximation thereof

2. As used in these interrogatories, "Identify" means:

(a) when used with respect to a natural person, to state such person's name, present address, telephone number, social security number, current employer position, but if such information is not known, then to state all last known information;

(b) when used with respect to a nonnatural person, to state the entity's complete name, the form of the entity, (corporation, partnership, sole proprietorship or joint venture), the entity's last known address, telephone number and principle place of business.

(c) when used with respect to a document, to describe the type and form of the document, its date of creation, to identify each person who created or authored the document, to identify each person to whom the document was addressed or directed, to identify each person whom copies of the document were sent or delivered (whether or not indicated on the face thereto), to describe the contents and substance of the document, to state the length of the document, and to state the current location of the document, or if unknown, the last known location of the document is available and describe the type of machine required to read the document. If the document was, but no longer is, in the possession, custody, or control of Defendants, state the disposition of the document, the date of such disposition and each person that either authorized or has knowledge of such disposition; and

(d) when used with respect to a communication other than a document, to state the names, addresses, and social security numbers of all persons who participated in or were present during or privy to the communication, the date, and place of the communication, the form or method of the communication and the substance of the communication.

3. Where necessary to infer the broadest request, and in construing these discovery requests and definitions, the singular form of a word should be interpreted to include the plural form and vice versa, and the conjunctive term "and" should be interpreted to include the disjunctive term "or" and vice versa.

4. When asked to "state the complete factual basis" of a given proposition or allegation, identify each person who has or purports to have knowledge of the facts underlying the proposition or allegation, each document used or relied upon to formulate, or which supports or substantiates, the proposition or allegation, and the rational and each fact supporting the proposition or allegation.

5. If an objection is made to any of these discovery requests, fully state the basis for such objection. If an objection is made to part of a discovery request, the remaining portion of the discovery request to which no objection is made should be responded to fully.

6. With respect to each document, communication or other information, which you do not produce or divulge based upon any claim of privilege or otherwise, state:

(a) the name and address of the author, originator and sender of the document or communication;

(b) the name and address of each person to whom the document, communication or information was directed, addressed, sent or copied;

(c) the employer and job title of each of the person(s) listed in items (a) and (b) above;

(d) the date of the document or communication;

(e) the length of the document or communication;

(f) the location of the document or communication;

(g) a general description of the nature and subject matter of the document, communication or information; and

(h) the reason the document, communication or information is not produced.

7. If any document requested herein to be identified or produced has been lost, discarded or destroyed, identify such document in accordance with these definitions and instructions and, in addition, state the nature of the disposition of the document, the date of the disposition of the document, each person who authorized, participated in, or has any knowledge of the disposition of the document and the reason for the disposition of the document.

8. Each response to each discovery request, whether in the form of a written answer or production of a document, should be labeled clearly as to which discovery request the response corresponds.

9. Each response to these discovery requests shall be supplemented as required by Fed. R. Civ. P., Rule 26(e).

## INTERROGATORY NO. 1

State the name, address, title, and duty of the person or persons who answered or assisted in answering these interrogatories and the place where these interrogatories were answered.

**ANSWER:**

## INTERROGATORY NO. 2

For the period during which Plaintiff was employed by Defendant, state:

    a. The Plaintiff's full name as used for Social Security purposes;

    b. The Plaintiff's dates of employment by Defendants;

    c. The Plaintiff's home address, including zip code;

    d. The job title or job titles in which the Plaintiff is or has been employed with Defendants and the dates such position(s) was held;

    e. The hours Plaintiff worked each work day, and the total number of hours Plaintiff worked in each individual work week;

    f. The total wages paid each pay period by Defendant to Plaintiff;

    g. The date of payment and the pay period covered by the payment;

    h. The date and amount of any bonus or other compensation paid to Plaintiff.

## INTERROGATORY NO. 3

State whether Plaintiff has been issued a valid United States Social Security number. If so, state the Social Security number provided to Defendants by Plaintiff for employment record keeping and payroll purposes.

**ANSWER:**

## INTERROGATORY NO. 4

State whether Plaintiff is a lawful citizen or a legal resident alien of the United States.

**ANSWER:**

**INTERROGATORY NO. 5**

State whether at any time in the period between November 2004 and the present Plaintiff maintained or created any records or documents relating to the amount of tips paid by customers and collected or received by Plaintiff while employed as a server or waiter with Defendants. If so, state in wht form such record or document was kept and the current location of such record or document.

**ANSWER:**

**INTERROGATORY NO. 6**

State the amount of tips paid by customers and collected or received by Plaintiff while employed as a server or waiter with Defendants each (a) day; (b) work week, and (c) pay period that Plaintiff was employed with Defendants.

**ANSWER:**

**INTERROGATORY NO. 7**

Indentify by name, title, and address all persons who have or who claim to have knowledge of any of the facts alleged in Plaintiff's Complaint or in Defendants' Answer, or, knowledge of any facts concerning the days and hours per week worked by Plaintiff and Plaintiff's job duties and responsibilities while Plaintiff was employed by Defendant, and for each such person, state the nature of such person's knowledge of such alleged facts.

**ANSWER:**

## INTERROGATORY NO. 8

Identify by name and title the person or persons who Plaintiff interviewed with when soliciting employment from El Meson.

**ANSWER:**


## INTERROGATORY NO. 9

State terms of employment which Plaintiff and Defendant agreed upon when Plaintiff was offered and accepted employment with El Meson, including but not limited to, the number of days per week which Plaintiff would work, the number of hours per day which Plaintiff would work, and the compensation which Plaintiff would receive.

**ANSWER:**

## INTERROGATORY NO. 10

State whether Plaintiff traveled outside of the United States at any time during the years 2004, 2005, 2006 and 2007. If so, the dates that such travel took place and the destinations to which Plaintiff traveled to.

**ANSWER:**


## INTERROGATORY NO. 11

State whether Plaintiff was employed by any other employer besides Defendants at any time during the years 2004, 2005, 2006 and 2007. If so, state the following:

  a. The name of the employer;

  b. The dates of Plaintiff's employment with said employer;

    c. The position held by Plaintiff;

    d. The amount of compensation received by Plaintiff; and

    e. The total number of hours which Plaintiff worked with said employer.

**ANSWER:**

## **INTERROGATORY NO. 12**

State whether Plaintiff enjoyed (a) break-time, (b) lunch and (c) meals prepared by Defendants during the period in which Plaintiff was employed by Defendants. If so, state the following:

    a. The number and length of breaks taken by Plaintiff each work day/shift worked;

    b. The number and length of lunch breaks taken by Plaintiff each work day/shift worked;

    c. The number of meals eaten by Plaintiff each work day/shift worked;

    d. The types and cost of meals prepared by Defendants and eaten by Plaintiff at each lunch break; and

    e. Whether Defendant charged Plaintiff for the cost of the meal.

**ANSWER:**

## **INTERROGATORY NO. 13**

State the total number of hours for which Plaintiff claims over time pay is owed to Plaintiff by Defendants, how that total amount of hours was determined, and the total amount of overtime compensation which Plaintiff claims is owed to them by Defendant.

**ANSWER:**

## **INTERROGATORY NO. 14**

State the total amount of unpaid minimum wages which Plaintiff claims is owed to Plaintiff by Defendants and how that total amount was determined.

**ANSWER:**

## **INTERROGATORY NO. 15**

State whether Plaintiff ever filed any complaints, administrative charges or grievances, at any point in time, against any past or present employer seeking unpaid minimum wages, overtime wages, and/or unpaid wages.

**ANSWER:**

## **INTERROGATORY NO. 16**

Identify all persons whom you intend to call as expert witnesses in this case, and with respect to each, state in detail the substance of the opinion(s) to be provided by each person whom you may use as an expert witness at trial, the fact or circumstances on which the expert bases his opinion, the identity of each person with whom the expert has consulted in forming an opinion, any and all documents that the expert has reviewed in connection with this case, and any reports, documents, or written communications generated by the expert in connection with this case.

**ANSWER:**

## **INTERROGATORY NO. 17**

Identify all experts with whom you have consulted about this case whom you do not intend to call as witnesses at the trial of this case whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**


Dated August 18, 2008.

                                                                     Respectfully Submitted,

                                                                      TAQUERIA EL MESON, INC., and JOSE TORRES,

                                                                      By: One of their attorneys

Pedro Cervantes
TGC Partners
11 E. Adams, Suite 1100
Chicago, IL 60603
(312)345-9200

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that true and correct copies of Defendants' First Set Of Rule 33 Interrogatories To Plaintiff Maricela Ramirez were served via regular U.S. mail on August 19, 2008 on:

Doug Werman<br>
Werman Law Office, P.C.<br>
77 W. Washington, Suite 1402<br>
Chicago, IL 60602

_____
Pedro Cervantes