IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE GALENO, CLAUDIA POIEZ, ESTER ALVAREZ, MARTHA MACIAS, ESMERALDA BUCIO, MARICELA RAMIREZ, JUANA NIEVES, LUZ MARIA RAMIREZ, and RUBEN MACIAS, on behalf of themselves And on behalf of all other persons similarly Situated and known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> TAQUERIA EL MESON, INC., and JOSE TORRES, individually, <br><br> Defendants. | Case No. 07 C 6619 <br> Judge Kennelly |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MARTHA MACIAS

Defendants Taqueria El Meson, Inc. and Jose Torres (hereafter "Defendants"), by and through their attorneys, pursuant to Fed. R. Civ. P. 34, request that Plaintiff Martha Macias respond and produce for inspection and copying at TGC Partners, 11 E. Adams, Suite 1100, Chicago, IL 60603, the following documents. The documents are to be produced within thirty (30) days after the service of this request. This request is continuing and must be supplemented until the date of trial.

### I. Instructions and Definitions

1. These Requests incorporate by reference the Instructions and Definitions set forth below.



EXHIBIT E

With respect to any document Defendants do not produce because of a claim of privilege,

Defendants shall set forth as to each such document:

(a) the name and address of the author, originator and sender of the document or communication;

(b) the name and address of each person whom the document, communication or information was directed, addressed, set or copied;

(c) the employer and job title of each of the person(s) listed in items (a) and (b) above;

(d) the date of the document or communication;

(e) the length of the document or communication;

(f) the location of the document or communication;

(g) a general description of the nature and subject matter of the document, communication or information; and

(h) the specific grounds for the claim of privilege.

**REQUEST NO. 1**

All tax returns, including all attached schedules and other documents, filed by Plaintiff with the Illinois Department of Revenue, the Internal Revenue Service, or any other state or federal taxing authority during the years in which Plaintiff was employed by Defendant.

**REQUEST NO. 2**

Any and all W-2 statements issued to Plaintiff in the years during which Plaintiff was employed by Defendant.

**REQUEST NO. 3**

Any and all records or documents maintained or created by Plaintiff at any time containing or relating to the following:

- a. The Plaintiff's dates of employment by Defendants;
- b. The Plaintiff's home address, including zip code;
- c. The job title or job titles in which the Plaintiff is or has been employed with Defendants and the dates such position(s) was held;
- d. The hours Plaintiff worked each work day, and the total number of hours Plaintiff worked in each individual work week;
- e. The total wages paid each pay period to Plaintiff by Defendant;
- f. The date of payment by Defendant and the pay period covered by the payment; and
- g. The date and amount of any bonus or other compensation paid to Plaintiff by Defendant.

**REQUEST NO. 4**

Any and all records or documents maintained or created by Plaintiff at any time relating to the amount of tips paid by customers and collected or received by Plaintiff while employed as a server or waiter with Defendants.

**REQUEST NO. 5**

Any and all records or documents maintained or created by Plaintiff at any time related to Plaintiff's employment with Defendants including, but not limited to:

    a.    Weekly work schedules; and

    b.    Time sheets, time cards, or other documents showing the number of hours worked each week.

**REQUEST NO. 6**

Any and all records or documents maintained or created by Plaintiff at any time containing the following:

    a.    The weekly or monthly amount reported by the Plaintiff, to the Defendants, of tips received (this may consist of reports made by the employees to the employer on IRS Form 4070);

    b.    The hours worked each workday in any job position in which the Plaintiff did not receive tips, and total daily or weekly straight-time payment made by the Defendants for such hours; and

    c.    The hours worked each workday in a job in which the Plaintiff received tips, and total daily or weekly straight-time earnings for such hours.

**REQUEST NO. 7**

Any and all records or documents maintained or created by Plaintiff at any time showing or reflecting any cash payments made to Plaintiffs for hours worked for Defendants.

**REQUEST NO. 8**

Any and all records or documents maintained or created by Plaintiff at any time showing or reflecting any and all (a) break-time, (b) lunch and (c) meals prepared by Defendants enjoyed by Plaintiff while employed by Defendants, including but not limited to the following:

    a.  Number and length of lunch breaks taken by Plaintiff each work day/shift

worked;

b.  Number of meals eaten by Plaintiff each work day/shift worked; and

c.  Types and cost of meals prepared by Defendants and eaten by Plaintiff at each lunch break.

## REQUEST NO. 9

All statements, correspondence, memos, or other documents relating to witnesses or potential witnesses or persons contacted by Plaintiff or anybody action on Plaintiff's behalf in connection with this case.

## REQUEST NO. 10

All documents that support Plaintiff's claim for unpaid wages and overtime.

## REQUEST NO. 11

Any documents used or relied upon in answering any of the accompanying interrogatories being served on Plaintiff.

## REQUEST NO. 12

Any and all documents and tangible items, including all reports, physical models, compilations of data and other material prepared by any expert, or for any expert, in anticipation of the experts' trial or deposition testimony.

## REQUEST NO. 13

Any and all documents, tangible items and/or material prepared by any expert you have used for consultation (even if it was prepared in anticipation of litigation or for trial) that forms a basis either in whole or in part of the opinion of any expert you intend to call as a witness.

**REQUEST NO. 14**

All complaints, administrative charges or grievances filed by Plaintiff, at any point in time, against any past or present employer seeking unpaid minimum wages, overtime wages, and/or unpaid wages.

Dated August 18 2008.

                                                                                   Respectfully Submitted,

                                                                                   TAQUERIA EL MESON, INC., and JOSE TORRES,

                                                                                   By: One of their attorneys

Pedro Cervantes
TGC Partners
11 E. Adams, Suite 1100
Chicago, IL 60603
(312)345-9200

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that true and correct copies of Defendants' First Request for Rule 34 Production of Documents to Plaintiff Martha Macias were served via regular U.S. mail on August 19, 2008 on:

Doug Werman
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602

_____
Pedro Cervantes